LEO J. AND DOROTHY M. COYNE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Coyne v. Commissioner
Docket No. 694-81.
United States Tax Court
T.C. Memo 1982-262; 1982 Tax Ct. Memo LEXIS 483; 43 T.C.M. (CCH) 1351; T.C.M. (RIA) 82262; May 12, 1982. Dorothy M. Coyne, pro se. Michael Neal Gendelman, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Daniel J. Dinan pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *484 OPINION OF THE SPECIAL TRIAL JUDGE DINAN, Special Trial Judge: Respondent determined deficiencies in petitioners' Federal income taxes for the years 1976, 1977 and 1978 in the amounts of $ 503, $ 834 and $ 867, respectively. Concessions having been made by the parties, the issue remaining for decision is whether petitioners may deduct, as medical expenses, on their 1976, 1977 and 1978 returns, amounts paid to send their daughter, Laura, to a private school. FINDINGS OF FACT Some of the facts have been stipulated. The stipulations of fact and the attached exhibits are incorporated by this reference. At the time of filing their petition, petitioners resided in Morgan Hill, California. On their 1976-1978 returns, petitioners deducted the following amounts as medical expenses incurred in sending their daughter (hereinafter Laura) to a private school. 1976
Tuition
[3] $ 1,290.00
Transportation furnished by school
418.00
Lunches furnished by school
73.25
$ 1,781.25
1977
Tuition and Transportation
[3] $ 2,020.00
Annual Fund
[4] 100.00
Eshmun Center
[5] 175.00
Uniforms
184.25
Lunches
162.00
$ 2,641.25
1978
Tuition
$ 2,080.99
Annual Fund
[4] 100.00
Eshmun Center
[5] 210.00
Uniforms
150.00
Lunches
80.00
Tutor
[6] 110.00
$ 2,730.99
*485 Petitioners' daughter, Laura, has suffered from the learning disability known as dyslexia since birth. Dyslexia is the inability to read and is caused by a central lesion in the brain. In June, 1975, Laura's disability was diagnosed by Dr. Scott, Ph.D. of the Eshmun Center, an organization which specializes in the diagnosis and treatment of communication disorders. Dr. Scott recommended that Laura be placed in a school which offered small class sizes and individual learning instructions. Petitioners enrolled Laura in the Hillbrook School (Hillbrook), a private school. Hillbrook was the only school within approximately 15 miles of petitioners' residence which offered small class sizes. Hillbrook did not provide Laura with any medical care. It offers the same curriculum for handicapped *486 and non-handicapped students. Its curriculum is basically the same as that provided by the public schools but it did offer Laura greater individualized instruction than was offered by the local public schools. Both handicapped and non-handicapped students attended classes together at Hillbrook. The school did not offer any special medical or educational programs for dyslexic or other handicapped children. Hillbrook offers classes for students in the first through the eighth grades. To attend the school, a student must be of average or better than average intelligence. The selection process of students by Hillbrook includes achievement tests; a prospective student must score in the seventieth percentile of those tests to be accepted by the school. All amounts claimed by petitioners as expenses incurred for Laura's attendance at Hillbrook have been substantiated. OPINION We are asked to decide whether the amounts paid for Laura's attendance at Hillbrook are deductible as medical care expenses under section 213. Section 213(e), in pertinent part, defines medical care to mean: (e) Definitions.--For purposes of this section-- (1) The term "medical care" means amounts *487 paid-- (A) for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body, (B) for transportation primarily for and essential to medical care referred to in subparagraph (A) * * *. Section 1.213-1(e)(1)(v)(a), Income Tax Regs., provides, in pertinent part: (a) Where an individual is in an institution because his condition is such that the availability of medical care * * * in such institution is a principal reason for his presence there, and meals * * * are furnished as a necessary incident to such care, the entire cost of medical care and meals * * * at the institution, which are furnished while the individual requires medical care, shall constitute an expense for medical care. * * * While ordinary education is not medical care, the cost of medical care includes the cost of attending a special school for a mentally or physically handicapped individual. We are constrained to conclude from this record that Hillbrook was not a "special school" within the intendment of the regulations. It was essentially no different from the local public schools although it did offer its students smaller class *488 sizes and more individualized instruction. See Fay v. Commissioner,76 T.C. 408, 413 (1981). In Barnes v. Commissioner,T.C. Memo. 1978-339, the taxpayers' son, Richard, suffered from dyslexia. Taxpayers enrolled their son in the Castle Heights Military Academy (Castle Heights). Castle Heights offered small classes, individualized instruction, a disciplined environment, intensive remedial help, and after-school tutoring. In disallowing the medical expenses claimed by the taxpayers for amounts expended for Richard to attend Castle Heights, we held: The only treatment for dyslexia is training in reading and study skills which permits the student to overcome the results of his handicap. Dyslexia itself cannot be cured. * * * The problem we are faced with in this case is that education, rather than medicine or therapy, is the means to offset the effect of dyslexia. The education Richard received at Castle Heights was no different than that received by other "normal" students enrolled at the school. * * * We are unable to distinguish this case from Barnes v. Commissioner,supra, and we, therefore, sustain the respondent's *489 determination. [7]
Because of concessions made by the parties, a recomputation of the amount of the proposed deficiency will be necessary. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable in this case.
3. Respondent concedes that petitioners may deduct $ 100 of this amount as a tutoring-medical expense. ↩
4. Respondent concedes that petitioners may deduct these amounts as charitable contributions. ↩
5. Respondent concedes that petitioners may deduct these amounts as tutoring-medical expenses. ↩
6. Respondent concedes that petitioners may deduct this amount as a tutoring-medical expenses.↩
7. Respondent has ruled that an extra fee paid for a tutor who is especially trained and qualified to teach remedial reading to a child with dyslexia to mitigate such condition is a deductible medical expense. Rev. Rul. 69-607, 1969-2 C.B. 40. He has conceded that petitioners are entitled to a medical expense deduction for the payment of such amounts for tutoring in this case. See fns. 3 and 6, supra.↩